UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

PETER BROOKS,  No. 16-10696

Debtor(s).
_____/

Memorandum re Misconduct of Debtor
_____

Debtor Peter Brooks filed his Chapter 13 petition August 16, 2016, employing a lawyer. On January 6, 2017, the Chapter 13 Trustee filed a motion to dismiss the case. This triggered a rapid and strange sequence of events which culminated in a hearing on the court's Order to Show Cause on January 27, 2017.

On January 9, Brooks' attorney filed a second amended plan. On the same day, Brooks substituted himself *pro se* and two days later filed a further amended plan which contained a fictitious order supposedly signed by the undersigned. The order contained a "certification" by deputy clerk of court Katie Anderson that it had been mailed to US Bank on January 15, 2017.

On January 17, Brooks filed a pleading entitled "Petition for Injunctive Relief, Settlement, Equitable Restitution, Cease and Desist Order." This pleading also contained a nonsensical "Order to Cancel Trustee's Sale," this one supposedly served by "Sonoma County Deputy Clerk." It also contained a copy of a letter signed by attorney Joyce Stewart Milks and a Certificate of Financial Bond signed by attorney Patrick A. Sizemore. In both cases, the signatures were by typed script: *"Patrick A Sizemore"* and *"Joyce Stewart Milks."*

1

When contacted, Sizemore denied that he had signed any such "Certificate." Milks informed the court that she had signed a letter, but that the version Brooks filed had been altered by the inclusion of statements not contained in her letter. The court then issued a notice that the orders filed by Brooks were false, secured them from public view, and issued an order to Brooks to appear and show cause why he should not be sanctioned for his conduct.

Brooks appeared as ordered. He argued that the orders he drafted were "recommended" orders and not supposed to be actual court orders. He stated that he had the original "Certificate" signed by Sizemore but could not find it. He admitted that he had changed the Milks letter by adding statements to it, and attached a true copy to his nonsensical "Complaint for Trust Injunctive Relief and Equitable Restitution With Civil Penalties" filed on January 26.

As to the false order Brooks cobbled together and filed on January 9, his argument that it was merely a "recommendation" is belied by two facts. First, he is highly educated and clearly capable of the calculated ambiguity necessary to sow confusion without overtly committing a crime. Secondly, the so-called recommendation contains an utterly false certificate of service. It is clear that Brooks intended the orders to cause others to cease action against him in the false belief that a federal court had enjoined their actions.

As to the doctoring of the Milks letter, there is no mitigating factor. It was nothing less than a lie to the court and was a violation of Rule 9011(b)(3) of the Federal Rules of Bankruptcy Procedure, which provides that the filing of a pleading is a certification that the factual contentions in the pleading have evidentiary support. Brooks' pleading of January 17 contains at least one knowingly fraudulent document. This alone is egregious conduct requiring sanction.

Taking all of Brooks' conduct into consideration and noting his lack of remorse and cynical attitude toward the judicial process, the court concludes that nothing less than dismissal of his case with a bar to refiling will be sufficient sanction. Misconduct by a debtor, including dishonesty and fraudulent misrepresentations, is sufficient cause to dismiss a Chapter 13 case pursuant to § 1307(c) of the Bankruptcy Code. *In re Leavitt,* 171 F.3d 1219, 1224-25 (9th Cir. 1999); *In re Lin,* 499 B.R.

430, 436 (Bkrtcy.S.D.N.Y. 2013). The dismissal may include sanctions. *Leavitt,* at 1226.

When a bankruptcy court finds active misconduct and abuse of the bankruptcy process by a Chapter 13 debtor, it may dismiss the case *sua sponte*. *In re Kestell,* 99 F.3d 146, 149 (4th Cir.1996); *In re Jackson*, 108 B.R. 251, 253 (Bkrtcy.E.D.Cal.1989). However, in this case the court notes that the Chapter 13 Trustee has also made a motion to dismiss on substantive grounds, including Brooks' failure to make payments. A review of the docket shows that Brooks has filed six successive plans. The early versions, filed when Brooks was still represented by counsel, called for payments of $5,650.00 per month, which Brooks failed to make. The later versions filed by Brooks *pro se* provide for payments of only $100.00 per month and are patently unconfirmable. The court is therefore confident that dismissal of the case will not inadvertently harm any creditors.

For the foregoing reasons, Brooks' Chapter 13 will be dismissed with a bar to refiling for two years. However, if Brooks is able to produce a notarized and sworn statement of Patrick Sizemore that his "Certificate" a true and accurate copy of a document he actually signed then the bar shall be only eighteen months. A separate order of dismissal shall be entered.

Dated: February 5, 2017

Alan Jaroslovsky
U.S. Bankruptcy Judge

3